UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO MAURICIO VALERIO-REYES,

Petitioner,

v.

WARDEN, ET AL.,

Respondents.

No. 1:26-cv-05083-DAD-AC (HC)

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAININIG ORDER AS MOOT

(Doc. Nos 1, 3)

On July 2, 2026, petitioner, an immigration detainee proceeding through counsel, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order ("TRO") seeking his immediate release from immigration detention.   (Doc. No. 3.)  Also on July 2, 2026, the court issued an order setting a briefing schedule as to petitioner's motion for a TRO and directed respondents to address in their filing whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.) In addition, if respondents opposed the court ruling on the underlying petition based on the present briefing, respondents were directed to so indicate and provide substantive reasons in support of that position in its opposition.  (*Id*.)

1

On July 6, 2026, respondents filed an opposition to petitioner's motion for a TRO.  (Doc. No. 8.)  Respondents represent that petitioner was initially placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1) and then subsequently placed on interim parole.  (Doc. No. 8 at 2.)  Respondents also state that they do not oppose the court ruling on petitioner's *habeas* petition based upon the briefing currently before it.  (Doc. No. 8 at 1)  Petitioner filed a reply brief in support of arguments previously made, also on July 6, 2026.  (Doc. No. 9.)  Given these circumstances, the court will analyze and rule upon petitioner's *habeas* petition based on the current record before the court.

The facts based on the record are as follows.  Petitioner is a citizen of Honduras and entered the United States on or about August 20, 2023, and was placed into immigration detention.  (Doc. No. 1 at ¶¶ 2, 4.)  Petitioner was subsequently paroled from immigration custody on September 21, 2023, on his own recognizance with reporting requirements.  (Doc. No. 1 ¶ 4, Doc. No. 8 at 2.)  On or about May 15, 2026, petitioner appeared at his scheduled check-in appointment with ICE officials in Oklahoma City, Oklahoma, at which time he was taken back into immigration custody where he currently remains.  (Doc. No. 1 at ¶ 6.)

 Respondents do not contend that petitioner was provided with written notice of the reason for his parole revocation, as this court has found is required to demonstrate that a parole revocation complies with due process requirements.  *See, e.g., Chavarria v. Chestnut,* No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 at *2-5 (E.D. Cal. Dec. 9, 2025).

Moreover, even assuming that petitioner's parole was properly revoked to allow immigration officials to take petitioner back into custody, respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  This court has previously rejected that reading of 8 U.S.C. § 1225(b)(1), noting that the text of that statute specifically limits its application to "aliens who have not been admitted *or paroled*."  *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025) (emphasis added).  Here, the facts establish that petitioner was paroled.  Accordingly, the court adopts its prior reasoning here and rejects respondents' argument in this regard.

//////

2

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED IN PART and DENIED IN PART as follows:

    a. Respondents are ORDERED to immediately release petitioner, Alejandro Mauricio Valerie-Reyes, A-File No. 246-196-141, from respondents' custody on the conditions, if any, he was subject to prior to his detention on or about May 15, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be on respondents to show by clear and convincing evidence that petitioner is a flight risk or a danger to the community;

    c. Petitioner's request for costs and reasonable attorney's fees is DENIED without prejudice to him bringing a properly noticed and supported motion;

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot in light of this order granting his *habeas corpus* petition on the merits;

4.. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __July 8, 2026__        _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3